COURT
OF APPEALS

                                       SECOND
DISTRICT OF TEXAS

                                                   FORT
WORTH

 

 

                                        NO.
2-06-020-CR

 

 

QUILLENS EDWIN STEVENS, JR.                                            APPELLANT

 

                                                   V.

 

THE STATE OF TEXAS                                                                STATE

 

                                              ------------

 

        FROM
CRIMINAL DISTRICT COURT NO. 3 OF TARRANT COUNTY

 

                                              ------------

 

                                MEMORANDUM
OPINION[1]

 

                                              ------------

I.  Introduction

Appellant Quillens Edwin
Stevens, Jr. appeals his eight-year sentence. 
In his sole point, appellant contends that he was denied effective
assistance of counsel because during the punishment phase, his trial attorney
failed to subpoena the probation officer who prepared the pre-sentence
investigation report to testify.  We
affirm.








II.  Background Facts

On February 5, 2003,
appellant pled guilty to assault causing bodily injury to a family member, and
the trial court deferred adjudication and sentenced appellant to four years= community supervision.  On July
23, 2004, the State filed a petition to proceed with adjudication after
appellant violated his probation by committing the new offense of attempted
sexual assault.  On November 14, 2005,
the trial court held a revocation hearing and appellant pled not true to the
allegation.  After hearing arguments from
both sides, the trial court found the attempted sexual assault allegation to be
true.  After the trial court found the
allegation to be true, appellant=s counsel requested a pre-sentence investigation report (PSI), and the
trial court adjourned until the PSI had been completed.  On January 18, 2006, after the trial court
reviewed the PSI and heard arguments from appellant, the trial court sentenced
appellant to eight years= confinement
in the Institutional Division of the Texas Department of Criminal Justice.

III.  Ineffective Assistance Of Counsel

In appellant=s sole point, he complains that he was denied effective assistance of
counsel during the punishment phase because his trial attorney did not subpoena
the probation officer who prepared the PSI.








A.  Standard Of Review

To establish ineffective
assistance of counsel, appellant must show by a preponderance of the evidence
that his counsel=s
representation fell below the standard of prevailing professional norms and
that there is a reasonable probability that, but for counsel=s deficiency, the result of the trial would have been different.  Strickland v. Washington, 466 U.S.
668, 687, 104 S. Ct. 2052, 2064 (1984); Salinas v. State, 163 S.W.3d
734, 740 (Tex. Crim. App. 2005); Mallett v. State, 65 S.W.3d 59, 62-63
(Tex. Crim. App. 2001); Thompson v. State, 9 S.W.3d 808, 812
(Tex. Crim. App. 1999).








In evaluating the
effectiveness of counsel under the first prong, we look to the totality of the
representation and the particular circumstances of each case.  Thompson, 9 S.W.3d at 813.  The issue is whether counsel=s assistance was reasonable under all the circumstances and prevailing
professional norms at the time of the alleged error.  See Strickland, 466 U.S. at 688-89,
104 S. Ct. at 2065.  Review of counsel=s representation is highly deferential, and the reviewing court
indulges a strong presumption that counsel=s conduct fell within a wide range of reasonable representation.  Salinas, 163 S.W.3d at 740; Mallett,
65 S.W.3d at 63.  A reviewing court will
rarely be in a position on direct appeal to fairly evaluate the merits of an
ineffective assistance claim.  Thompson,
9 S.W.3d at 813-14.  AIn the majority of cases, the record on direct appeal is undeveloped
and cannot adequately reflect the motives behind trial counsel=s actions.@  Salinas, 163 S.W.3d at 740 (quoting Mallett,
65 S.W.3d at 63).  To overcome the
presumption of reasonable professional assistance, Aany allegation of ineffectiveness must be firmly founded in the
record, and the record must affirmatively demonstrate the alleged
ineffectiveness.@  Id. 
(quoting Thompson, 9 S.W.3d at 813).

The second prong of Strickland
requires a showing that counsel=s errors were so serious that they deprived the defendant of a fair
trial, i.e., a trial whose result is reliable. 
Strickland, 466 U.S. at 687, 104 S. Ct. at 2064.  In other words, appellant must show there is
a reasonable probability that, but for counsel=s unprofessional errors, the result of the proceeding would have been
different.  Id. at 694, 104 S. Ct.
at 2068.  A reasonable probability is a
probability sufficient to undermine confidence in the outcome.  Id. 
The ultimate focus of our inquiry must be on the fundamental fairness of
the proceeding whose result is being challenged.  Id. at 697, 104 S. Ct. at 2070.

B.  Analysis

Appellant asserts that his
trial attorney=s argument
during the punishment phase consisted primarily of attacks on the PSI and the
probation officer, and that his attorney should have called the probation
officer to testify and confront her about the accusations he made during his
argument.








In his brief, appellant
acknowledges that ineffective assistance of counsel claims have rarely been
upheld on direct appeal because the appellate record does not show trial
counsel=s rationale; however, appellant contends that the trial record in this
case shows that his trial counsel=s error is Aerror for
which no explanation of >trial
strategy= is needed.@  Appellant concedes that
ineffective-assistance-of-counsel claims are best dealt with by writs, but
asserts that filing a writ in this case would serve no purpose because the
appellate record shows that his attorney attacked the probation officer and the
PSI.

We apply a strong presumption that trial counsel was
competent.  See Thompson, 9 S.W.3d
at 813.  On appeal, we presume counsel=s actions and
decisions were reasonably professional and motivated by sound trial
strategy.  See Jackson v. State,
877 S.W.2d 768, 771 (Tex. Crim. App. 1994); Matthews v. State, 152
S.W.3d 723, 732 (Tex. App._Tyler 2004, no
pet.).  Appellant has the burden of
rebutting this presumption by presenting evidence illustrating why his trial
counsel did what he did.  Matthews,
152 S.W.3d at 732.  Here, we are unable
to determine from this record if appellant=s counsel=s failure to
subpoena the probation officer was the result of trial strategy.  As a result, appellant cannot overcome the
strong presumption that his counsel performed effectively.  See id.  Therefore, we overrule appellant=s sole point. 

 








IV.  Conclusion

Having overruled appellant=s sole point, we affirm the
trial court=s
judgment. 

 

 

PER CURIAM

 

PANEL
F:  LIVINGSTON, DAUPHINOT, and HOLMAN,
JJ.

 

DO
NOT PUBLISH

Tex. R. App. P. 47.2(b)

 

DELIVERED:
August 3, 2006











[1]See Tex. R. App. P. 47.4.